UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAUREL THOMAS HARDEN JR.,

    Plaintiff,

v.                                Case No:  3:17-cv-401-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Laurel Thomas Harden Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on June 13, 2013, alleging a disability onset date of August 19, 2011. (Tr. 18, 164-70). Plaintiff's application was denied initially on August 5, 2013, and upon reconsideration on October 15, 2013. (Tr. 90-92, 100-04). Plaintiff requested a hearing and, on July 1, 2015, an administrative hearing was held before Administrative Law Judge M. Hart ("the ALJ"). (Tr. 30-75). On September 14, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 15-28). Plaintiff filed a request for review which the Appeals Council denied on February 8, 2017. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on April 7, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of August 19, 2011, through his date last insured of June 20, 2012. (Tr. 20). At step two, the ALJ found that Plaintiff had no severe impairments. (Tr. 20). The ALJ concluded that Plaintiff had not been under a disability from August 19, 2011, the alleged onset date, through June 30, 2012, the date last insured. (Tr. 24).

## II. Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to analyze, discuss, or mention Dr. Collins' opinion that Plaintiff was significantly limited by his impairments prior to the date that his insured status expired; (2) whether the ALJ erred by finding that Plaintiff did not have a severe impairment at step two; and (3) whether the ALJ erred by discounting Plaintiff's credibility without properly considering the impact of Plaintiff's lack of access to medical care. The Court begins with Plaintiff's first raised issue.

Plaintiff argues that the ALJ failed to analyze the opinion of treating physician Dr. Collins regarding Plaintiff's limitations prior to his insured status expiring in June 2012. (Doc. 21 p. 7). Plaintiff contends that there is no indication in the ALJ's decision that the ALJ even realized the opinion existed. (Doc. 21 p. 7). Plaintiff argues that the ALJ's failure to address Dr. Collins' opinion was not harmless error given the ALJ's findings that Plaintiff did not have a single severe impairment and the ALJ's erroneous belief that no treating physician offered an opinion as to Plaintiff's functional limitations as they existed prior to Plaintiff's date last insured. (Doc. 21 p. 7).

In response, Defendant argues that while the ALJ did not specifically mention Dr. Collins' opinion, any error is harmless because Dr. Collins' opinion does not relate to the period at issue, i.e., the period of time prior to Plaintiff's date last insured of June 2012. (Doc. 24 p. 10). Defendant argues that although Dr. Collins indicated his opinion related back to January 1, 2009, there is no indication in the record that he treated Plaintiff that far back, or even during the relevant period in this case. (Doc. 24 p. 10). Further, Defendant argues that Dr. Collins' opinion is so limiting that it is essentially an opinion that Plaintiff is unable to work, which is an opinion on an issue reserved for the Commissioner. (Doc. 24 p. 10).

The record shows that on January 30, 2014, Dr. Collins completed a medical assessment of Plaintiff. (Tr. 345-349). Dr. Collins indicated that he treated Mr. Harden every three months for chronic obstructive pulmonary disease, chronic pain syndrome, chronic neck pain, low back pain secondary to degenerative disc disease, and spinal stenosis. (Tr. 345). Dr. Collins provided that Mr. Harden's condition was guarded and he had constant neck and back pain. Dr. Collins provided that Mr. Harden had tenderness of neck and back muscle with decreased range of motion and decreased breath sounds. (Tr. 345). He had moderate response to trigger point injections. (Tr. 345). He was not a malingerer and he would frequently experience pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple tasks. (Tr. 346). He could tolerate moderate stress but could not exercise. (Tr. 346). Mr. Harden could only walk two blocks without rest or severe pain and only sit or stand for thirty minutes at one time, before needing to get up and walk around or sit down in an eight hour workday. (Tr. 346). He could only sit, stand, or walk for less than two hours total in an eight hour workday and needed periods of walking around every thirty minutes for ten minutes each time during an eight hour workday. (Tr. 347). He needed a job that permitted shifting positions at will from sitting, standing or walking and would need to take unscheduled breaks hourly for five to ten minutes before returning to work. (Tr. 347). He could rarely lift and carry twenty pounds and never lift and carry 50 pounds or more. He could never twist, stoop, bend, crouch, squat, climb ladders or stairs and his impairments were likely to produce good and bad days. (Tr. 348). He would likely be absent more than four days per month as a result of his impairments or treatments. (Tr. 348). Dr. Collins opined that these symptoms and limitations have applied since January 1, 2009. (Tr. 349).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms,

diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, by Defendant's own admission, the ALJ has failed to analyze, weigh or even address the opinion of Dr. Collins. Such a failure constitutes reversible error. The Court rejects Defendant's arguments that this failure is harmless because the opinion did not relate to the period at issue, there is no indication that Dr. Collins treated Plaintiff during the relevant time period, and because the opinion constituted an opinion on an issue reserved for the Commissioner. Contrary to Defendant's argument that the opinion does not relate to the period at issue, the record shows that Dr. Collins specifically indicated that his findings and opinion related back to January 1, 2009. As to Defendant's remaining objections to Dr. Collins' opinion, the Court agrees with Plaintiff that they constitute post hoc rationalizations which the Court will not indulge. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). While there may be good cause for rejecting Dr. Collins' opinion, the Court will not make this determination for the first time upon review. On remand, the Court will require the ALJ to specifically address, evaluate, and weigh the Dr. Collins' opinion and conduct further proceedings as necessary.

As the ALJ's error in evaluating the medical evidence may alter later findings in the sequential evaluation process, the Court defers from addressing Plaintiff's remaining issues at this time.

**III.     Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties